DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## September, 1886.

---

IN THE MATTER OF THE ESTATE OF ROGER D. WING, DECEASED.

## WILLIAM H. WING, AS ADMINISTRATOR, ETC., APPELLANT, v. CHARLES H. BULL, RESPONDENT.

*Practice — proceedings to recover the possession of property belonging to a deceased person — Code of Civil Procedure, sec. 2706 — when the surrogate may dismiss the proceedings, although the answer is not in the form prescribed by section 2710 of the said Code.*

In obedience to a citation issued by a surrogate upon the petition of an administrator, alleging that the respondent had in his possession property, bonds and notes which belonged to the deceased, and which he ought but refused to deliver to the administrator, the respondent appeared and answered. His answer recited that the property in question was placed in his hands by the deceased under an agreement between the deceased and the respondent, that the latter should hold the same as security for such advances as respondent should make to the deceased; that the respondent at the same time agreed to make and did make such advances; that the deceased never repaid him, and that the respondent, as by the agreement it was provided he might, disposed of the property in the lifetime of the deceased, and applied the whole of the proceeds to his reimbursement, and that he had none of the property in his possession.
*Held*, that it was proper for the surrogate to dismiss the proceedings. (PARKER, J., dissenting.)

APPEAL from an order made by the surrogate of Washington county, dismissing proceedings requiring the respondent Charles H. Bull to be examined as to certain assets of Roger D. Wing, deceased.

*Theo. N. Melvin*, for the petitioner, appellant.

*Hughes & Northup*, for the respondent.

LANDON, J.:

The administrator presented his petition to the surrogate under section 2706, Code Civil Procedure. The petition recited that the respondent had in his possession certain bonds and notes, which were of the property of the deceased, which he ought to deliver to the administrator but refused to do. The respondent appeared in obedience to the citation issued by the surrogate and answered. Section 2710 provides that if the person cited shall answer "that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed." The respondent did not answer in this form, but his answer recited that the property in question was placed in his hands by the said Roger D. Wing, deceased, under an agreement between said Wing and himself; that deponent should hold the same as security for such advances as deponent should make to him ; that the deponent at the same time agreed to make such advances; that he did make them, that Wing never repaid him; that deponent, as by the agreement it was provided he might, disposed of the property in the lifetime of Wing, and applied the whole of the proceeds to his reimbursement, and that he has none of the property in his possession. The surrogate thereupon dismissed the proceeding. If the respondent's right to such dismissal rested solely upon the statute, the appellant's objection that he did not, by his answer, conform to its requirements, would have great force. But the amendment to section 2710, Code Civil Procedure, made in 1881, is obviously an attempt to codify, so far as they could be foreseen, the conditions under which a party, who denies or avoids the claim of right and title in the administrator, may assert his constitutional right to a trial by jury. This court, *In the Matter of Beebe* (20 Hun 462), affirmed that right in a proceeding similar to this, instituted under chapter 394, Laws of 1870, the provisions of which act are embodied with some modifications in the Code Civil Procedure.

Mr. Throop, in his note to section 2712, remarks that "care has been taken to confine the decree to a determination of the possession."

In *Matter of Curry* (25 Hun, 321), the party proceeded against by the administrator did not answer at all, but objected to the jurisdiction of the surrogate. The General Term held that the surrogate had the right to determine the mere question of possession, and that the statute went no further. The court said that it did not mean to suggest any doubt of the soundness of the case in 20 Hun. The adjudications, therefore, are to the effect that the surrogate has jurisdiction to determine the question of possession, but not the question of title. If the respondent had the possession, and claimed no right to withhold it from the administrator, a mere depositary without lien, the surrogate ought to have jurisdiction to compel its surrender. But here he asserts that he had possession with the right of disposition, which right he exercised. If the surrogate can only determine the respondent's possession, and thereupon may make a decree for the surrender of the property to the administrator, in case no sufficient right to withhold the possession is asserted by the respondent, it is manifest that under the answer here interposed the surrogate has not jurisdiction of the issues necessary to be decided in order to decide whether the respondent should surrender the property. Possibly it might be shown that the respondent had present possession, but there would remain to be ascertained whether he had the lien; if so, then the amount of his advances, and then upon what terms he should surrender the property.

The order should be affirmed, with costs and disbursements.

BOOKES, P. J., concurred in result.

PARKER, J.:

I dissent. It is conceded that the respondent did not answer in the form provided by section 2710 of the Code of Civil Procedure. Therefore, the surrogate was not ousted of jurisdiction by virtue of the provisions of that section. There is no other section of the Code or statutory provision applicable to the answer in question. The surrogate, therefore, was bound to permit the examination to go on.

If the testimony elicited should have demonstrated that the title of the property was involved, he would not have had jurisdiction to make a decree affecting it, but until that fact was shown by evidence he had jurisdiction to proceed with the examination. The error of the surrogate consisted in treating the answer as true, *or as*

*if it was proof of those matters which were therein alleged to be facts.* He had no power to treat it as true, and for the purposes of that proceeding it furnished no proof, nor was it evidence for any purpose.

The order should be reversed, with ten dollars costs and printing disbursements.

Order affirmed, with ten dollars costs and printing disbursements.